IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ARMANDO ROBLEDO-RIVERA,
**Plaintiff**

v.                                                                           CIVIL NO. 04-2362(DRD)

AGUSTIN CARTAGENA, et al.,
**Defendants**

**ORDER**

The instant case was filed on December 9, 2004, (Docket No. 1) and summons were issued on the 13th day of December 2004 (Docket No. 2). On April 27, 2005, that is past the 120 day term provided by Rule 4(m), Fed.R.Civ.P., 28 U.S.C., to serve process on the defendants, plaintiff filed a motion requesting an extension of twenty five (25) days to complete service on the defendants alleging that summons were misplaced at his office and because some of said co-defendants worked outside the San Juan Area and their location had to be established (Docket No. 3).

On June 11, 2005, the undersigned ordered plaintiff to Show Cause as to why the instant matter should not be dismissed for its failure to comply with the term provided by Rule 4(m) and beyond the extension of time requested by plaintiff. In its order, the Court noted that plaintiff's motion requesting the additional term to serve process was untimely since the 120 days had elapsed at the time of filing, and at the time the motion was entertained the extension of time requested by plaintiff had already elapsed without evidencing that the defendants had been served. (*See* Docket No. 4). The Court granted plaintiff until June 15, 2005 at Noon to show cause.

On June 16, 2005, plaintiff filed belatedly its motion showing cause (Docket No. 5). At the outset, counsel for plaintiff sustains that the Order to Show Cause issued on June 11 was received by counsel on June 16, 2005. Counsel does not provide an explanation for its untimely response rather counsel sustains that he was out of Puerto Rico between May 24 and June 6, 2005 and that before leaving, a private process server had been contracted to serve the instant summons. Counsel sustains that during his trip outside the jurisdiction he injured his left knee and that fact has kept him with severe pain and that has precluded from meeting with the private server hired in order to find out the outcome of the service effectuated. Finally, counsel sustained that within five (5) working days (that is June 21, 2005) he would be "in a better position to inform" the Court as to the service of process in the instant matter. However, the 21st day of June came and went and counsel failed to evidence whether service of process was effectuated within the term provided by the Court. Surprisingly, on July 3, 2005, counsel for plaintiff submitted an Informative Motion (Docket No. 6) informing the Court that he would be out of the jurisdiction between July 3 - July 10, 2005 and that by July 11, 2005, counsel would submit evidence of the defendants having been served and also to explain the Court all problems faced with the service of process on the defendants. Once again, counsel has failed to submit the evidence required by the Court by the self-imposed deadline.

Rule 4(m), Fed.R.Civ.P., 28 U.S.C. provides that the court may dismiss without prejudice

an action for plaintiffs' failure to serve process on the defendants within one hundred and twenty (120) days after filing of the complaint. The dismissal must be requested upon motion by defendants or upon the court's own initiative after notice to the plaintiff. Consequently, "[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." Id., at 44.[1] This Rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." *See* Link v. Wabash R. Co., 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); Thibeault v. Square D Co., 960 F.2d 239, 246 (1st Cir.1992).

It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Further, the Court is fully aware that dismissal with prejudice is the death knell of the lawsuit and that the court is vested with the power to dismiss a case with prejudice. However, in the instant case and at this stage of the proceedings, plaintiff's failure to comply with the Federal Rules of Civil Procedure and with the Court's orders warrants dismissal without prejudice. Plaintiff has repeatedly show a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims. *See*, Damiani v. Rhode Island Hospital, 704 F.2d at 15-16. In sum, Plaintiff has shown a lack of interest vindicating rights she may have albeit without prejudice. Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 713 (1st Cir. 1977).

Plaintiff has repeatedly failed to comply with the Court's orders. Firstly, the Order to Show Cause issued by the Court on the 11th day of June 2005, provided June 15, 2005 at NOON as a deadline for plaintiff's compliance. Plaintiff submitted its motion belatedly and did not provide evidence showing that the defendants were served in accordance with the Rules. Then, plaintiff submitted a second motion entitled *Informative Motion* wherein plaintiff merely asserts that it was going to be outside the jurisdiction for certain dates and that by July 11, 2005 would be able to explain the ordeal suffered while serving process. In other words, counsel for plaintiff was to comply fully with the Order to Show Cause one month after its issuance and/or after twenty days past the deadline provided by the Court. Moreover, plaintiff would comply with the Court's order on a self-imposed deadline.

It is well known that parties having knowledge of the pendency of litigation which may affect their interests sit idle at their peril. As we have said in a different context: "The law ministers to the vigilant, not to those who sleep upon perceptible rights." Narragansett Indian Tribe v. Ribo, Inc., 868 F.2d 5, 7-8 (1st Cir. 1989)(*quoting* Puleio v. Vose, 830 F.2d 1197, 1203 (1st Cir. 1987), *cert. Denied,* 485 U.S. 990, 108 S.Ct. 1297 (1988). Further, "[T]he effective administration of justice requires that trial court possess the capability to manage their own affairs." Chamorro v. Puerto Rican Cars, 304 F.3d 1, 6 (1st Cir., 2002)(*citing* Chambers v. NASCO, Inc., 501 U.S. at 43.) "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." Chamorro v. Puerto Rican Cars, 304 F.3d at 4. In sum,

---

[1] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." Damiani v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1983).

the Court has the authority to dismiss an action with prejudice due to plaintiff's failure to diligently prosecute.  Pomales v. Celulares Telefónica, 342 F.3d 44 (1st Cir. 2003).

Again, the Court has not the "obligation to play nursemaid to indifferent parties." Pinto v. Universidad de Puerto Rico, 895 F.2d 18, 19 (1st Cir. 1990).  Plaintiff's repeated conduct shall not be considered "isolated incidents" serving as plausible excusatory circumstance avoiding the dismissal. Crossman v. Raytheon Longterm Disab. Plan, 316 F.3rd 36, 39 (1st Cir. 2002).  Therefore, dismissal is firmly founded in this case in view of Plaintiffs' disregard of the Federal Rules of Civil Procedure and its inexcusable behavior failing to show interest in prosecuting her claims and its repeatedly failure to comply with the Court's orders.

Therefore, for the reasons stated herein, the Court hereby **DISMISSES** all claims against all Defendants **WITHOUT PREJUDICE** due to Plaintiff's failure to prosecute its claims diligently, and its failure to comply with the Court's Orders.  **Judgment shall be issued accordingly.  THIS CASE IS CLOSED FOR ALL STATISTICAL PURPOSES.**

**IT IS SO ORDERED.**
In San Juan, Puerto Rico, this 26th day of July 2005.

> **S/DANIEL R. DOMINGUEZ**
> **DANIEL R. DOMINGUEZ**
> **U.S. DISTRICT JUDGE**